# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nutrien AG Solutions, Inc., ) | Civil Action No. 2:21-1885-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Mack A. Beard, Sr. and Mack A. Beard, Jr., ) | |
| Individually and as Partners in Mack A. ) | |
| Beard & Son, a South Carolina General ) | |
| Partnership, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I.   Introduction

Before the Court is Plaintiff Nutrien AG Solutions, Inc.'s motion for default judgment against Defendants Mack A. Beard, Sr. and Mack A. Beard, Jr., Individually and as Partners in Mack A. Beard & Son, a South Carolina General Partnership (Dkt. Nos. 9 & 11).  For the reasons set forth below, Plaintiff's motion is granted.

## II.   Background

Plaintiff Nutrien AG Solutions, Inc. is a Delaware corporation with its principal place of business in Colorado. Plaintiff is authorized to transact business in South Carolina. Around December 22, 2017, Defendant Mack A. Beard, Jr., for the use of Defendants Mack A. Beard, Sr. and Mack. A. Beard & Son, a South Carolina General Partnership, submitted an Agrium Financial Services Credit Application to Plaintiff.  The application was approved, and Plaintiff extended credit to Defendants to purchase agricultural products from Plaintiff.  The Approval Letter Defendants received indicated that any invoice not paid in full on or before the due date would be assessed a finance charge of 1.5 percent per month (18% APR) and that the finance charges would

be computed as of Plaintiff's accounting month end closing and each succeeding month end until the balance was paid in full.

Defendants bought fertilizer, agricultural chemicals, seed, and related products and services from Plaintiff. Plaintiff alleges it was never paid in full for such purchases and that Defendants, jointly and severally, owe Plaintiff $181,928.76 plus interest in the amount of $57,125.92, for a total balance of $239,054.68, plus reasonable attorney's fees and costs. (Dkt. No. 1) (complaint); (Dkt. No. 1-1) (credit application for Mack A. Beard & Sons signed and guaranteed by Mack A. Beard, Jr. indicating Mack. A. Beard, Sr. is a partner of Mack A. Beard & Sons); (Dkt. Nos. 1-2 and 1-3) (credit approval letter and conditions); (Dkt. No. 1-4) (ledger of purchases and payments).

Defendants were served a copy of the summons and complaint and have not answered or moved to dismiss the complaint, (Dkt. No. 6-2), nor have Defendants responded to Plaintiff's motion for default judgment, (Dkt. No. 9).

### III. Legal Standard

Federal Rule of Civil Procedure 55(b) permits the Court to enter a default judgment upon motion by a party and to conduct a hearing to determine the amount of damages, if necessary. A Rule 55(b) Default Judgment is appropriate where the Court determines that "the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The defendant "is not held to admit facts that are not *well-pleaded* or to admit conclusions of law." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006) (emphasis in original). Therefore, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. for Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1

(4th Cir. 1999) (unpublished opinion); *see also Ryan*, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action."). In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc.*, 200 Fed. Appx. at 258 (internal quotation marks omitted). The Court may conduct this analysis by putting the Complaint to the Rule 12(b)(6) standard. *See, e.g.*, *Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

**IV.     Discussion**

**A.     Plaintiff is Entitled to an Entry of Default Judgment.**

Plaintiff's Complaint contains "well-pleaded allegations of fact" and proper claims such that Defendants admitted owing Plaintiff $181,928.76 for products purchased but not paid for, plus $57,125.92 in interest, when they failed to answer or respond to the complaint. The complaint sets forth that the Defendants (i) applied for credit with Plaintiff (ii) were approved for credit and (iii) made purchases from Plaintiff for which Plaintiff has not been paid in full. It undisputed from the record that the Defendants have not answered or moved on the complaint. Therefore, the Court finds that the Defendants admitted by default the facts alleged and claims set forth in the complaint.

When the Court "determines that liability is established and default judgment is warranted, then it must make an independent determination of the appropriate amount of damages." *United States v. John Hudson Farms, Inc.*, 2018 WL 4119950, at *5 (E.D.N.C. Aug. 29, 2018). Plaintiff moves for an entry of default judgment in the amount of (i) $181,928.76 for products purchased by not paid for, (ii) $57,125.92 in interest, and (iii) and $552.00 in court costs. (Dkt. No. 9-1 at 3); (Dkt. No. 11-1 at 5). Plaintiff credibly represents that that these amounts reflect losses sustained

by Plaintiff as a result Defendants' unpaid purchases. *See* (Dkt. No. 9-2) (declaration of Nancy Chase, Special Assets Manager for Plaintiff, that the Statement of Account attached to the complaint "represents accurate statements of the debits and credits to the Defendant's accounts"); *DirecTV, Inc. v. Yancey*, No. Civ. A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against Defendant because Plaintiff submitted invoices documenting the money owed to Plaintiff).

Accordingly, Plaintiff is granted default judgment against Defendants in the total amount of $239,606.68.

**B.      Plaintiff is Entitled to an Award of Attorney's Fees.**

Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and costs. Fed. R. Civ. P. 54(d). Rule 54(d)(1) states that the prevailing party is entitled to costs other than attorney's fees unless a federal statute, the federal rules, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1).

In its complaint, Plaintiff alleges that "Defendants . . . agreed to pay reasonable attorney's fees and other expenses incurred by the Plaintiff in enforcing the Credit Agreement." (Dkt. No. 1 at 3). The Credit Application Defendants signed provides for such an award. (Dkt. No. 1-1 at 2) ("Buyer agrees to pay all costs and expenses incurred by Seller as the result of such default, including court costs and expenses of collection and reasonable attorneys' fees, to the greatest amount not prohibited by applicable law.").

Plaintiff seeks $2567.50 in attorney's fees, representing $805.00 in attorney fees for Robert P. Wood, $1,262.50 in paralegal fees, and $500.00 for the affidavit of John Butler, III.

In determining what constitutes a reasonable number of hours and the appropriate hourly rates (i.e., in calculating the lodestar fee), the Court must consider the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances (8) the amount in 5 controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awarded in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). Although the court must consider all twelve of the factors, the court is not required to rigidly apply these factors, as not all may affect the fee in each case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Servo News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Further, this court's Local Rule 54.02(A) provides that attorneys' fee petitions must comply with *Barber* "and shall state any exceptional circumstances and the ability of the party to pay the fee." Local Rule 54.02(A) (D.S.C.).

The information Plaintiff provided, coupled with the Court's knowledge of rates in work of this type in this District, supports an attorney's fee in the amount of $2567.50. *See* (Dkt. No. 9-1 at 5-15); (Dkt. No. 11-1 at 6).

Therefore, Plaintiff is awarded attorney's fees in the total amount of $2,567.50.

IV. **Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for entry of default judgment and reasonable attorney's fees. (Dkt. Nos. 9 and 11). Judgment is entered against Defendants Mack A. Beard, Sr. and Mack A. Beard, Jr., Individually and as Partners in Mack A. Beard & Son, a South Carolina General Partnership in the amount of $239,606.68. Plaintiff is also awarded attorney' fees in the amount of $2,567.50.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 3, 2021
Charleston, South Carolina